Good morning, Your Honors. Maxine Webster IV, Ms. Villaneda. And I would like to ask this Court if you have any specific questions, because I was a little bit surprised that you ordered oral argument on this case, since the Attorney General had conceded the key issue, I thought, which was that the writ was timely. And I didn't know if you had any specific questions you want me to address, or if I should just go into... I'm assuming that you agree that it was timely filed, or is that still an issue? Or do I move to the issues of what should be included in the COA? Well, for my part, I think you can assume that given the State's apparent concession on the timeliness, that's not an issue. I think I would be interested in your comments on whether you think the COA ought to be granted in any part. Okay. Thank you. That helps. Yes, I think it should be granted on the merits, in terms of all five issues, because I think that they've stated a constitutional claim, a denial of a constitutional right, and that they should be fully briefed, that reasonable jurists could disagree as to whether or not there's a denial of a constitutional right. And the appellant deserves an opportunity to fully brief all of the five constitutional claims. And if this Court just facially looks at the writ, I think it's obvious that there was allegations of denials of constitutional rights as to all five issues. Now, the Attorney General is disputing Ground Five, which is the – apparently, it wasn't clearly separated in Mr. Villanita's writ or in his State court pleadings, but the Grounds Three and Four were the ineffective assistance of counsel for failure to object to the trial court's erroneous rulings. I think the government's argument is that the Fifth Claim is unexhausted. Would you address that, please? That's what I'm trying to do. Okay. I'm arguing that it was exhausted, because although it wasn't clearly separated as a title, it was definitely argued within the parameters of the ineffective assistance of counsel claims, because counsel argued that it was the trial court's erroneous ruling by – that was the denial of his right to present a defense. And that ruling was not to let the key witness testify as to non-incriminating matters, that she took a blanket invocation and the judge just allowed her to go away without addressing the non-incriminatory matters that she could have testified to, which would have exonerated appellant. And he argued, and I argued in my reply brief, that – I even quoted directly from the brief, where in his petition for review, this is on page 8 of my reply, Villaneta alleges that the failure of the trial court to require Ms. Brissino to testify to her knowledge of events surrounding the shooting, which had no tendency to incriminate her, was clearly erroneous, as, quote, the trial court's excuse of Brissino resulting in the loss of her testimony, which directly and materially impeached prosecution start with Ms. Gonzalez, and was completely exculpatory, deprived petitioner of his rights to present a defense, and to due process of law as guaranteed by the 6th and 14th Amendments. That was in his petition for review, and it was kind of a little mixed up with the other arguments, but the whole basis of the ineffective assistance of counsel claim was the fact that they didn't object to this serious error of the trial court itself. And it was raised, it was raised in the petition for review in the final and in all the other pleadings, but it was kind of mixed up a little bit. It wasn't clearly separated, but it was still raised, and it's the whole basis for the IAC claims. Do I understand correctly the government has joined in the request that we expand the COA as to the first four points? Is that correct? Yes, until his recent argument that, I don't know if you've heard of it. We'll talk to him about it as well, but I want to know your understanding. Yeah, he did originally, and I think he changed his mind over these last two cases, but I don't see where those cases affect this case at all, because he did allege prejudice in all of his IAC claims. Are you asking that we construe the briefs as a motion to expand the COA, the combined briefs? Yes. Okay. Yes. Did I address your question? Yep, you did. Okay. Thank you. Thank you, Ms. Wexler. Mr. Mulford. Good morning. May it please the Court, Matt Mulford on behalf of the warden. Can we just start off just to be efficient in our use of time? Is it correct that you actually are in effect conceding the primary point here? Is that a fair statement? For the statute of limitations, yes. California does not wish to bind any other states, but this is how California calculates the statute of limitations, and so we certainly have no objection, or we believe the district court erred in its calculations. And on the COA request, what's your position currently with respect to the first four points? We oppose the issuance of a certificate of appealability because it has not been granted in the manner required by statute of rules. But we can construe, if both parties agree in the brief as to those first four points, we can construe that as a motion, a combined motion, to expand the COA. Can we not? You could. And if we were to do that, would you oppose that? Not as to grounds one and two. Okay. And so you're going to address then three, four, and five for us? Correct. Okay. Okay. The fifth ground, we object to an issuance of a certificate of appealability, because even though the claim may formally raise a constitutional issue, it has a second procedural deficiency in that the claim is not exhausted. The claim was not presented to the California Supreme Court in the manner required by California court rule, specifically the rule 8.508. So when counsel says it was not clearly separated in the briefing, we agree with that, and that means it is not exhausted because the California rules require it to be separately presented. And for purposes of exhaustion, we're bound by the state rule as opposed to any federal procedural rule. We certainly look at state rules to see what the state requires. Okay. As to grounds three and four, counsel is correct that the letter we sent you, yes, two days ago now, and I apologize if that was untimely. It was untimely. The Supreme Court certainly knows what to do with it. The recent cases from the Supreme Court, and particularly Premo v. Moore, makes pretty clear that habeas petitioners must prove prejudice on an IAC claim. Based on what Mr. Vianeta has pled regarding his ineffective assistance of counsel claim, where he makes absolutely no mention of any prejudice whatsoever, we don't believe that a fair reading of his petition, the pleadings, the allegations that he has pled, could allow him to prevail ever on an ineffective assistance of counsel claim after Premo v. Moore. Let me just ask you this, counsel. Since everyone seems to concede that this petition was filed timely, to some degree the COA matters are almost superfluous, are they not? I mean, if we're going to send it back, it's going to start all over again. Do we even need to reach those issues? I respectfully disagree with that, Your Honor, and that might require a little bit of time here. Ordinarily, this is a state court judgment. Ordinarily, state court judgments are insulated from federal review entirely by lots of rules. Full failure of credit, Rooker-Feldman, Younger abstention, the state's a party here, so the 11th Amendment would ordinarily kick in as well. Now, habeas corpus obviously is a big exception to that requirement. But in 1996, Congress cut back significantly in several ways on that broad exception to that general rule. Specifically, there's 2244B. So you're talking about AEDPA generally? I'm talking about AEDPA generally. There's the 2244B rule regarding successive petitions that are now harder to file. There's the 2244D rule, as we've seen in this case, regarding the new one-year statute of limitations. Richter, Harrington v. Richter from the Supreme Court in January, has lots of discussion about the limitations on the merits analysis itself, particularly pages 786 and 787 of the Supreme Court Reporter. And all these things are saying that the exception to the res judicata rules for habeas corpus had been significantly cut back. Now, so that brings us to the additional limitation on this court's limited jurisdiction, granted by Congress, that is placed in 2253C, regarding certificates of appealability. And so in some sense, yes, your question, I'm getting to the question now finally. In some sense, the question, yes, we're considering something the district courts already considered as a policy matter. A person, a reasonable person could say, send it back, start it all over. Well, let me ask you this. Let's just say hypothetically that we, per the agreement of the parties, say, okay, we're sending this back because you're going to start all over again. We don't reach the COA at all. Does the state object to that? Yes, and I would disagree with the characterization that there's an agreement of the parties. No, I, well, you're not opposing the timeliness issue. Ms. Wetzler's briefing was far more thorough than most attorneys, and certainly more so than most litigants. And so the state notes that there is a technical failure to comply with the court circuit rule 22 and how these things are to be briefed. And so we don't want to waive the lack of technical dotting all the i's, crossing all the t's compliance. I understand, but how are you characterizing it? Let's just say we're going to send this back. We're going to send this back to the district court and say, you know, move forward. What problem do you have with that? If we don't deal with the COA issues, it allows you to continue to raise your points before the district court, and you'll either succeed or you won't succeed. But I guess I'm puzzled as to why we would need to reach those issues in order to handle the agreed upon or unopposed portion of the petition. As the case stands, if there was a reversal today without any expansion of the certificate of appealability, the state likely, and I want to promise it, likely would argue the district court that it could take no further action due to the failure to grant a certificate of appealability in this appeal. We would say that that would be a lawless case. What if we said without prejudice to renewing the issues? I think Congress has foreclosed that by an act in 2253C. I believe that's contrary to the Supreme Court's decision. So basically from the state's perspective, if we find merit in any one of the five points, we really need to rule on that and make the statement that we agree, if we do, with the petitioner. With the exception that merit in the COA context is less than full merit, yes. I agree. Okay. Thank you. We thank you. Yes. Certainly. I'm not sure which rule would preclude your remanding this matter back to the district court because I didn't understand Attorney General's argument on that. The case is the only case that I've read on the issue of the COA alleging the denial of a constitutional right are these Lambert cases, which always remand back, and they have themselves looked at the parameters of the briefing itself to see if the right was alleged. I don't think you have to specifically allege it in the COA. I mean, the rule does say that. You have two parts of this, that you allege the procedural problem, and then you also allege that there is a denial of a constitutional right. However, the courts have never totally dismissed an appeal based on the failure to have alleged the denial of a constitutional right when it's never been litigated. What's your position on this? The Attorney General says that if we were to remand this case based on the time, let's let the district court start, but not reach the COA points, the five points, that AEDPA would essentially bar you from proceeding on any of those before the district court. That's why I don't understand what that rule is. I have never seen that rule. I've never seen a court decree that rule. This is kind of up in the air as to how to proceed. In fact, my asking for expansion of the COA was that you yourselves would consider the briefs on the merits and take the issue on the merits, and in lieu of that, that you would remand it, because Petitioner never had any chance whatsoever to argue any issue, whether it's the IAC not alleging the prejudice in the exact term. Remember, we're required to file forms now, and the forms tell you no law. So it's all basic, bare bones. If we issue a COA, does that preclude you from making additional arguments? Are there arguments that you might be tempted to make that are not encompassed within the COA that we have before us? In terms of the merits? Yeah, because we're basically sending this back to the district court for a do-over. Okay, which is fine, but I was saying that my other argument was that if you don't do that, you can take this yourself without sending it back. To just decide on all of the merits, and I'm arguing that all five have alleged a denial of constitutional rights, and that you yourself can decide on the merits and order new briefing on the merits. Mostly the briefing was on the COA and on the procedural issue. I guess my preference here would be, since everybody seems to agree we're going to send it back based on the timeliness argument, my preference would be to send it back to the district court without prejudice to your ability to raise it again, but I'm concerned about the argument raised by the Attorney General that you would be foreclosed from doing so based upon AEDPA or some case law that he cited, and I'm interested in your take on that. In order to give your client an ability to argue the five issues that you've raised in your COA before the district court, do we need to rule on that, or can we send it back without reaching the COA but without prejudice to your raising it? Is that barred by AEDPA? I don't see where that's barred ever. I don't see how that could be barred. Because even though that's the rule, it doesn't say what the penalty for a technical violation of that rule is, especially when it says you have to present it. I presented it, even though it wasn't presented in the COA itself. I presented it, and the court can look at the habeas itself to see whether allegations have been made. That's all that's required, that the allegations have been made and that there is a denial of constitutional rights. I've seen no case law, and I don't even interpret the statute to say that you're prohibited from ever going back. So if we were to rule that the petition is timely, and we were to say we send this back to the district court, we have not ruled on the COA, but this is without prejudice to the petitioner's right to raise those ab initio before the district court. Would that be satisfactory? To raise what? The COA issue? The five points of the COA. You mean the merits of the claim? Yeah, the merits of the claim. In other words, we don't have a dry record here. We're just talking about something in the abstract. I'm reluctant to rule on those five points if we don't have to. I agree with you. Because we're going to send it back to the district court anyway, but I don't want you to be barred from raising those points before the district court, and I gather from what the Attorney General said you would be. So that's why I'm interested in your perspective on that. That would be a draconian remedy. I've never seen that. EDVA has a way of doing that sort of thing. But I haven't seen it in this context in any case law. I've seen a lot of the case law that's been cited. It's all been remanded to determine whether or not there's been an allegation, and then you look at the corner of pretty much the habeas petition itself. It's not with the COA that they're doing that. So given that everybody agrees that the district court erred in dismissing this on timeliness grounds, so we all think that it was a timely petition, would you prefer that we send it back to the district court by just saying it's timely, do whatever you would have done in the first place or should have done in the first place, or would you prefer that we grant the COA? The certificate of appealability is a little ironic that we're granting a certificate of appealability and remanding to a district court and not deciding anything on appeal. What would you want to do? I don't know. Maybe we should all go out and get lunch or something. When you say granting the COA, do you mean taking all five issues yourself to determine the merits of them or ruling on this whether or not he's precluded from all the other issues? Well, it's just a little ironic. It's just a little unusual for us to be granting a COA and then not deciding those matters on appeal. In other words, granting a COA and remanding to the district court is a little bit of an unusual procedure. I'm just wondering whether you see any advantages or disadvantages to us going one way or the other. That is, simply saying it's timely, go back to the district court and start over again. Well, because the issue that you granted the COA on was the timing of this issue strictly. I mean, really. Right. That was the original COA. Yeah, that was the original. I think that's where this pro se defendant answered that issue. To sum it up, Judge Bobby and I are on the same wavelength here. We're going to send this back. Everybody agrees on that. If we said, hey, it doesn't really make any sense for us to grant the COA because we're not deciding this. We're sending it back to the district court. It's not necessary for us to reach it. Would you want us to say we don't reach the COA, but this is without prejudice to the district court to consider these matters in the first instance? To consider the COA questions? Consider the issues raised in those five points. Would that satisfy AEDPA? I don't see why not. I don't see any dismissal for that technicality. I don't see it in any case law. I don't read the statute that way. I think that would be extreme, especially when this court itself just asked for that one issue, whether it was timely. And that's where the defendant put his time. And then I just said, look, by the way, we've alleged constitutional issues here. Everything's kosher. If it's timely, either you take the five issues and decide them yourself on the merits, not the COA question, or you send it back to the district court to decide. We haven't even asked that. That's the problem. Nobody's asked that we decide it on the merits. You've said grant this. Then we'd have to have a new briefing and all that, which we've not had on those five points. Right. So that's what I think I'm confused, too, because I thought that, you know, by your taking the COA on the five issues meant that you were going to hear the whole appeal and have briefing on the merits of the five issues, not on this technical question as to whether it could be dismissed. Okay. So that's my understanding. That's why I tried to expand it. That's what I meant to expand it so that you take the appeal and not send it back to the court. I think we got your point. Okay.  Okay. Thank you. Thank you, counsel. We appreciate the clarifications today. Vienita v. Tilton, then, is ordered submitted. The next case on the oral argument calendar is United States v. Arango.
judges: Wardlaw, Bybee, Smith M.